NOT DESIGNATED FOR PUBLICATION

No. 117,896

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KAMERON D. CROWDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 27, 2018. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

Per Curiam: Once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Kameron D. Crowder was convicted of multiple drug felonies. The district court granted Crowder a dispositional departure and sentenced him to probation, rather than the mandatory prison term called for by the Kansas Sentencing Guidelines Act. Crowder

1

violated the terms of his probation multiple times in multiple ways and the State moved to revoke his probation. After an evidentiary hearing, the district court revoked Crowder's probation and ordered him to serve his underlying prison sentence. Crowder appeals the revocation of his probation arguing that the district court acted unreasonably in its ruling. Because we find that Crowder has failed to establish that the district court abused its discretion in revoking his probation, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Crowder pled guilty to three drug felonies. The district court sentenced Crowder in July 2014, granting him a dispositional departure. He was sentenced to 152 months in prison, but released on probation for a term of 36 months.

In May 2016, the State moved to revoke Crowder's probation alleging he had: (1) failed to report as directed, (2) used illegal drugs, (3) lied to his probation officer about attending drug treatment, (4) failed to maintain employment, and (5) failed to make regular payments towards his fines and costs. In December 2016, the State amended the motion adding additional allegations that Crowder: (6) left the state of Kansas without permission, (7) engaged in criminal activity in Logan County, Oklahoma, (8) falsely identified himself to law enforcement in Oklahoma, (9) was convicted of possession of marijuana and obstruction of law enforcement duty in Oklahoma, and (10) admitted using and tested positive for marijuana and cocaine. Another amended motion to revoke was filed in February 2017 alleging that Crowder: (11) failed to report to community corrections as directed, and (12) admitted to selling cocaine in July 2016.

After an evidentiary hearing, which included detailed testimony of his encounter with the police in Oklahoma, the district court found that all the probation violation allegations were established. The district court revoked Crowder's probation and ordered him to serve his full sentence. Crowder appeals the revocation of his probation.

2

ANALYSIS

*Standard of Review*

Once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *Gumfory*, 281 Kan. at 1170. A judicial action constitutes an abuse of discretion if (1) no reasonable person would have taken the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

*Crowder has failed to show that no reasonable person would have taken the view adopted by the district court.*

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, district courts must impose graduated sanctions on defendants who have violated their probation. See K.S.A. 2017 Supp. 22-3716. If a probationer commits a new felony or misdemeanor while on probation the court may statutorily revoke the probation and order the probationer to serve his or her prison time without having previously ordered any graduated sanctions. See K.S.A. 2017 Supp. 22-3716(c)(8).

Crowder does not contest that he was convicted of a crime in Oklahoma while on probation. Crowder does not argue that the district court based its ruling on an error of law or fact. Instead, he argues that while the district court could revoke his probation and sentence him to finish his prison term, the court should not have done so. In other words, the district court's actions were unreasonable. Crowder's argument rests on the idea that

3

he did make some progress while on probation and that no reasonable person would have sentenced him to prison when another chance at drug treatment was an option.

Based on the record on appeal, the district court did not abuse its discretion by revoking Crowder's probation and ordering him to serve his prison sentence. The evidence presented at the revocation hearing showed that Crowder had failed to follow the terms of his probation. Crowder failed to report, used illegal drugs, sold cocaine, failed to complete drug treatment as directed, failed to maintain full time employment, failed to make regular payments on his fines, and left Kansas without permission where he engaged in additional criminal activity. Crowder has failed to show that no reasonable person would have revoked his probation and ordered him to serve his prison term. See *State v. Brown*, 51 Kan. App. 2d 876, 885, 357 P.3d 296 (2015) (affirming revocation of probation where probationer committed new criminal offenses and was not otherwise amenable to probation based on numerous other violations).

Affirmed.